IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| WIDESPREAD ELECTRICAL SALES, LLC, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-2541-K |
| | § | |
| UPSTATE BREAKER WHOLESALE SUPPLY, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Upstate Breaker Wholesale Supply, Inc.'s Motion to Dismiss the Complaint ("Motion") (Doc. No. 12). The Court has carefully considered the Motion and brief, the response, the reply, the relevant portions of the record, and the applicable law. The Court **DENIES** the Motion as to Plaintiff Widespread Electrical Sales, LLC's claims for copyright infringement, violation of the Computer Fraud and Abuse Act, violation of the Digital Millennium Copyright Act, and harmful access by computer. However, the Court **GRANTS** the Motion as to Plaintiff Widespread Electrical Sales, LLC's claims for unfair competition and breach of contract. The Court also **GRANTS** Plaintiff Widespread Electrical Sales, LLC leave to amend its Complaint as to the claims for unfair competition and breach of contract.

I.      Factual and Procedural Background

Plaintiff Widespread Electrical Sales, LLC, ("Plaintiff") is a Colorado limited liability company with an office located in Forney, Texas. Compl. (Doc. No. 1) at 1, 3. Plaintiff provides power distribution products for residential, commercial, and industrial applications. *Id.* at 2-3, ¶6. Much of what it sells are "obsolete, hard to find products" and, through its website, offers "one of the most comprehensive catalogs of electrical equipment in the United States." *Id.* at 3, ¶7; 4, ¶9. Plaintiff's alleges both its website and the content it created are copyrighted works, notice of which is displayed on every page of the website. *Id.* at 5, ¶12; 7, ¶15. Plaintiff also owns registered copyrights for the following words: (1) "Group Registration for automated database entitled Widespread Electrical Sales Product Database; Published update from 7/1/2015-9/30/2015; representative date: 9/30/2015," registration no. TX 8-594-234; (2) "Group Registration for automated database entitled Widespread Electrical Sales Product Database; Published update from 4/1/2017-6/30/2017; representative date: 6/30/2017, updated daily," registration no. TX 8-555-531; and (3) "Group Registration for automated database entitled Widespread Electrical Sales Product Database; Published update from 8/1/2016-10/31/2016; representative date: 10/31/2016, updated daily," registration no. TX 8-555-527. *Id.* at 5-6, ¶13. Moreover, Plaintiff's website contains a Website Use Agreement for all users, which includes,

among other things, provisions specifically addressing copyrights of the content, access and use of the content, and prohibition of any form of transfer, including through "scraping" or "spidering", of Plaintiff's website content to another website or computer. *Id.* at 6-7, ¶14.

In July 2020, Plaintiff discovered that "spider" software was operating on its website, which can quickly copy all the content and damage the website in several ways. *Id.* at 7-8, ¶16. Despite safeguards it put in place, Plaintiff alleges that Defendant Upstate Breaker Wholesale Supply, Inc. ("Defendant") was able to use "spider" software to steal Plaintiff's copyrighted materials from its website. *Id.* at 8, ¶18. Defendant then allegedly copied the stolen content to its own website, "including the hundreds of product descriptions for the fake products" that Plaintiff "created solely to detect exactly this sort of unlawful copying." *Id.* at 8-9, ¶¶18-19. As a result, Plaintiff alleges it was harmed by Defendant's unauthorized use of Plaintiff's content. *Id.* at 9-10, ¶¶20-22.

On August 27, 2020, Plaintiff sued Defendant in this Court for copyright infringement, violation of the Computer Fraud and Abuse Act, violation of the Digital Millennium Copyright Act, harmful access by computer, unfair competition, and breach of contract. Defendant filed this motion to dismiss for failure to state a claim and, later, a motion to transfer venue. The Court recently denied Defendant's motion

to transfer venue upon finding that Upstate "did not meet its burden of 'satisfy[ing] the statutory requirements and clearly demonstrat[ing] that a transfer is 'for the convenience of parties and witnesses, in the interest of justice.'" Ct. Order (Doc. No. 37). The Court now turns to the Motion to Dismiss.

## II. Legal Standard

In considering a Rule 12(b)(6) motion, a court must determine whether the plaintiff has sufficiently stated a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). A well-pleaded complaint must allege facts upon which the claims are based and not be a conclusory recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must state sufficient facts such that the "claim has facial plausibility" and is not merely "possible." *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff pleads a claim with facial plausibility when the "factual content . . . allows the court to draw the reasonable inference that the defendant is liable." *Id.* The complaint must allege sufficient facts to "give the defendant fair notice" of plaintiff's claims against the defendant. *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The alleged facts must be facially plausible such that the facts nudge the plaintiff's claims "across the line from conceivable to plausible." *Id.* at 570. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In reviewing a Rule 12(b)(6) motion, the court may consider only "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Fifth Circuit also allows the district court to consider documents attached to the motion to dismiss when those documents "are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *Id.* at 498–99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

### III. Analysis

Defendant moves the Court to dismiss all of Plaintiff's claims for failure to state a claim or because the state claim (unfair competition) is preempted by federal copyright law.

#### A. Claims Sufficiently Stated

Having taken the well-pleaded facts as true and viewing those in the light most favorable to Plaintiff, the Court concludes that Plaintiff has sufficiently stated its claims for copyright infringement, violation of the Computer Fraud and Abuse Act, violation of the Digital Millennium Copyright Act, and harmful access by computer. Under

*Twombly* and *Iqbal*, Plaintiff need only "plead facts sufficient to show" that its claims as asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle it to relief to survive a Rule 12(b)(6) motion to dismiss. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)). Applying the applicable pleading standard, Plaintiff has pleaded these claims with facial plausibility as the "factual content . . . allows the court to draw the reasonable inference that the defendant is liable." *Iqbal*, 556 U.S. at 678; *see Twombly*, 550 U.S. at 570. Because Plaintiff sufficiently stated these claims, the Court **denies** Defendant's Motion to Dismiss these claims. *See* FED. R. CIV. P. 12(b)(6).

### B. Claims Pled Without Facial Plausibility

As for the unfair competition and breach of contract claims, the Court concludes Plaintiff has not pled them with facial plausibility for the following reasons.

#### 1. Unfair Competition

Defendant argues this state claim must be dismissed as it is preempted by federal copyright law. Because this claim is based on allegations regarding Plaintiff's copyrighted works and the rights protected under this state law are not materially different from federal copyright law, Defendant contends this claim is expressly preempted. Mot. Br. (Doc. 13) at 22-23. Plaintiff responds that Defendant "stole two

*Twombly* and *Iqbal*, Plaintiff need only "plead facts sufficient to show" that its claims as asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle it to relief to survive a Rule 12(b)(6) motion to dismiss. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)). Applying the applicable pleading standard, Plaintiff has pleaded these claims with facial plausibility as the "factual content . . . allows the court to draw the reasonable inference that the defendant is liable." *Iqbal*, 556 U.S. at 678; *see Twombly*, 550 U.S. at 570. Because Plaintiff sufficiently stated these claims, the Court **denies** Defendant's Motion to Dismiss these claims. *See* FED. R. CIV. P. 12(b)(6).

### B. Claims Pled Without Facial Plausibility

As for the unfair competition and breach of contract claims, the Court concludes Plaintiff has not pled them with facial plausibility for the following reasons.

#### 1. Unfair Competition

Defendant argues this state claim must be dismissed as it is preempted by federal copyright law. Because this claim is based on allegations regarding Plaintiff's copyrighted works and the rights protected under this state law are not materially different from federal copyright law, Defendant contends this claim is expressly preempted. Mot. Br. (Doc. 13) at 22-23. Plaintiff responds that Defendant "stole two

categories of information" from its website, copyrighted materials and "additional information accompanying the copyrighted materials." Resp. (Doc. No. 31) at 17. It is this second category of information to which Plaintiff's unfair competition claims relate. *Id.* Defendant replies that Plaintiff's Complaint does not contain any allegations of a second category of information of non-copyrighted materials and even if it did, Plaintiff did not plausibly allege what those non-copyrightable facts are or how they relate to this claim. Reply (Doc. No. 35) at 13. The Court agrees with Defendant.

"[T]he Copyright Act preempts state law claims that fall within the general scope of federal copyright law." *Digit. Drilling Data Sys., Inc. v. Petrolink Servs., Inc.*, 965 F.3d 365, 377 (5th Cir. 2020). The Court uses a two-part test to determine whether the state law claim is preempted—(1) whether the state claim "falls within the subject matter of copyright" as defined by the Act; and, if so, (2) whether the state claim "protects rights that are equivalent to any of the exclusive rights of a federal copyright". *Id.* at 377-78. In determining the equivalency of the protected rights, the Court "appl[ies] the 'extra element' test: Preemption does not occur if the state law claim requires 'one or more qualitatively different elements.'" *Id.* at 378. "The party arguing against preemption must show 'the presence of any element that renders different in kind its rights under state and federal law.'" *Id.*

Plaintiff did not plausibly allege a second category of "additional 'information' accompanying the copyrighted materials" nor did Plaintiff provide facts from which the Court could reasonably infer that Defendant's alleged conducted involved a second category of noncopyrighted material. In its Response, Plaintiff contends that Defendant stole "additional information accompanying the copyrighted materials" which are facts that are not copyrightable, and cites to Paragraphs 10 and 57 of its Complaint. Resp. at 17. But the allegations in these paragraphs do not support Plaintiff's responsive argument. In Paragraph 10, Plaintiff alleges that its substantial goodwill and "[m]uch of its success is in no small part due to the collection of materials in its original catalog of electrical equipment, and the images and product descriptions contained therein." Compl. at 4, ¶10. Plaintiff then alleges that "[t]hese product descriptions encompass not only the physical characteristics of the items, but also other original details and descriptions." *Id.* In Paragraph 57, Plaintiff alleges that it enjoys value and benefit from the content and information on its website, it "creates and own [sic] all original content and information available on its Website", and receives additional benefit from that content and information being exclusive to its website. *Id.* at 16, ¶57.

Neither of these paragraphs contains allegations regarding additional, non-copyrightable information Defendant allegedly stole. While Paragraph 10 references

the catalog and its images, details, and descriptions, Plaintiff alleges in Paragraph 12 that its "Website *and the content generated by Widespread* are copyrighted works." *Id.* at 5, ¶12 (emphasis added). Taking Plaintiff's well-pleaded factual allegations as true, Plaintiff does not allege that any of its website information is <u>not</u> copyrighted, including its online catalog or the content contained therein. Moreover, in specifically alleging its unfair competition claim, Plaintiff asserts that it is "Defendant's intentional theft of [Plaintiff's] content" that gives rise to this claim. *Id.* at 16-17, ¶¶58-59. The factual allegations regarding Defendant's actions refer exclusively to the theft of Plaintiff's "copyrighted" works; not the theft of facts which are not copyrightable that accompanied the copyrighted works. *See id.* at 7-9, ¶¶16-19; *see Iqbal*, 556 U.S. at 678 (to sufficiently state a claim, the factual content must permit "the court to draw the reasonable inference that the defendant is liable.").

As it is pled in the Complaint, this claim rests on Defendant allegedly stealing copyrighted material, thereby satisfying the first prong of the preemption test. *See Digit. Drilling Data Sys.*, 965 F.3d at 377 (in determining whether state law claim is preempted, the court first examines whether state claim "falls within the subject matter of copyright" as defined by the Copyright Act). Turning to the second prong, the Court considers whether the state claim protects the same or "equivalent" rights as those under copyright law. *Id.* Plaintiff does not address this prong in its Response,

asserting only that Defendant stole non-copyrighted material that accompanied its copyrighted works. It is Plaintiff's burden as the party arguing against preemption to show "'the presence of any element that renders different in kind its rights under state and federal law.'" *Digit. Drilling Data Sys.*, 965 F.3d at 378. Plaintiff did not meet its burden. *See also Motion Med. Techs., L.L.C. v. Thermotek, Inc.*, 875 F.3d 765, 775 (5th Cir. 2017) (citing *Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 845 F.3d 652 (5th Cir. 2017) and *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772 (5th Cir. 1999) ("We have twice held that Texas's unfair-competition-by-misappropriation tort does not afford protection qualitatively different from federal copyright law. We do so again here."). The Court, therefore, concludes this claim is preempted under federal copyright law.

As this claim is precluded, Plaintiff did not plead a plausible claim for relief. The Court **grants** the Motion to Dismiss Plaintiff's unfair competition claim.

2. Breach of Contract Claim

Defendant argues that Plaintiff's breach of contract claim fails as a matter of law because Plaintiff does not allege a valid, enforceable contract existed between the parties. According to Defendant, Plaintiff did not sufficiently state a claim because it failed to allege Defendant knew of Plaintiff's Website Use Agreement and did not allege the placement of the Website Use Agreement on Plaintiff's website. Mot. Br. at 25-26. Plaintiff responds that it sufficiently alleged the existence of a valid contract and

that Defendant is asking the Court to conduct a factual analysis of the Website Use Agreement which is beyond the Court's analysis at this stage. Resp. at 18. Defendant replies that the existence of a valid contract is a threshold issue, not an improper factual analysis, and that Plaintiff's allegations fall short of sufficiently alleging this essential element of a breach of contract claim. Reply at 14.

To state a breach of contract claim, Plaintiff must allege (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) damages to the plaintiff resulting from that breach. *Southwest Airlines Co. v. Farechase, Inc.*, 318 F.Supp.2d 435, 441 (N.D. Tex. 2004)(Sanders, J.). In its Motion, Defendant challenges only the first factor. To be bound by a contract, the parties must mutually agree. *DHI Grp., Inc. v. Kent*, Civ. Action No. H-16-1670, 2017 WL 4837730, at *2 (S.D. Tex. Oct. 26, 2017) (citing *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007)). This agreement may be direct, such as in writing, or indirect, through actions or conduct. *Id.* (citing *Southwest Airlines Co. v. BoardFirst, LLC*, Civ. Action No. 3:06-CV-0891-B, 2007 WL 4823761, at *4 (N.D. Tex. Sept. 12, 2007)). "To manifest tacit assent to a contract through conduct, one must 'intend to engage in the conduct and know or have reason to know that the other party may infer from his conduct that he assents.'" *Id.* (cleaned up) (quoting *Karl Rove & Co. v. Thornburgh*, 39 F.3d 1273, 1291 (5th Cir. 1994)).

Plaintiff's breach of contract claim is based on its Website Use Agreement, the terms of which all website users agree to upon using of the website. *See* Compl. at 6, ¶14; 18, ¶64. Specifically, Plaintiff alleges that "[b]y accessing the Website" the user agrees to the terms of the Agreement and also "[u]pon use of the Website, Defendant agreed to be bound by the Website Use Agreement." *Id.* at 18, ¶¶63, 64. Plaintiff does not allege that a user of its website must explicitly assent to the terms of the Agreement. Plaintiff does not characterize its Website Use Agreement as a "browsewrap agreement", but it satisfies that criteria and the Court will treat it as such for purposes of analyzing the sufficiency of this claim. "A browsewrap agreement does not require the user to manifest assent to the terms and conditions expressly; rather, a party provides his or her assent simply by using the website." *DHI Grp., Inc. v. Kent*, Civ. Action No. H-16-1670, 2017 WL 4837730, at *2 (S.D. Tex. Oct. 26, 2017) (cleaned up); *accord Andra Grp., LP v. BareWeb, Inc.*, Civ. Action No. 4:17-CV-00815, 2018 WL 2848985, at *9 (E.D. Tex. June 11, 2018). "Because there is no affirmative step to acknowledge assent to the agreement, it is necessary to show the user had actual or constructive knowledge of the terms and conditions to prove a valid contract exists between the user and the owner of the website." *DHI Grp.*, 2017 WL 4837730, at *2 (analyzing breach of contract claim on a Rule 12(b)(6) motion to dismiss).

Therefore, to plead a plausible breach of contract claim based on a browsewrap agreement, Plaintiff must allege that Defendant had actual or constructive knowledge of it to show a valid contract exists. *See Andra Grp.*, 2018 WL 2848985, at *9 (plaintiff sufficiently stated plausible breach of contract claim in alleging that defendant's employees accessed the website and that defendant used similar "terms of use" on its own website to those plaintiff used and also that defendant published link to "terms of use" in similar location to plaintiff's); *DHI Grp.*, 2017 WL 4837730, at *2 ("[T]he allegations that DHI knew or should have known about the browsewrap agreement because it uses a similar agreement on its own site are sufficient to state a plausible claim for relief."); *accord AvePoint, Inc. v. Power Tools, Inc.*, 981 F.Supp.2d 486, 511 (E.D. Va. 2013) (plaintiff's factual allegations sufficiently alleged defendant had actual or constructive knowledge because defendant "went to the trouble of creating a fictious profile and email account in order to download the software" at issue); *Reis, Inc. v. Spring11 LLC*, 15 Civ. 2836(PGG), 2016 WL 5390896, at *13 (S.D.N.Y. Sept. 26, 2016) (plaintiff sufficiently alleged defendant had actual knowledge because defendant "sought log-in credentials for its employees" and used different email addresses from defendant's, and defendant "sometimes used a masked IP address when it accessed" the database); *cf. Cvent, Inc. v. Eventbrite, Inc.*, 739 F.Supp.2d 927, 937 (E.D. Va. 2010) (plaintiff did not sufficiently plead defendants had actual or constructive knowledge in

simply alleging that the terms of use on the website "are readily available for review"). However, Plaintiff alleges only that the "Website Use Agreement is a valid and enforceable agreement binding on Defendant." Compl. at 17, ¶62. Nowhere in its Complaint does Plaintiff allege Defendant had actual or constructive knowledge of the Website Use Agreement. Without that, Plaintiff did not plead sufficient facts to show that the Website Use Agreement is a valid contract and, therefore, did not state a plausible claim for relief.

In its Response, Plaintiff does not address the issue of actual or constructive knowledge but maintains that it satisfied its pleading burden in alleging the "Website Use Agreement is a valid and enforceable agreement binding on Defendant." Resp. at 18; Compl. at 17, ¶62. In support, Plaintiff cites a case out of this District, *Southwest Airlines Co. v. Farechase, Inc.,* in which the court considered a similar website use agreement and concluded that the plaintiff sufficiently stated a breach of contract claim in alleging that "the Use Agreement is a valid contract." 318 F.Supp.2d at 441. The *Farechase* opinion was issued in 2004. In the many years since, "courts have analyzed the enforceability of these browsewrap agreements" as technology has grown. *DHI Grp., Inc. v. Kent*, 2017 WL 8794877, at *4 (S.D. Tex. Apr. 21, 2017), *report adopted by*, 2017 WL 4837730. "[O]ne general principle that emerges is that the validity of a browsewrap license turns on whether a website user has actual or constructive

knowledge of a site's terms and conditions prior to using the site." *Id.* The Court agrees and finds the analysis of these recent cases more persuasive than the *Farechase* case from 2004. Accordingly, Plaintiff did not pled sufficient factual allegations as to the existence of a valid contract as it failed to allege Defendant had actual or constructive knowledge of the Website Use Agreement.

Defendant argues that Plaintiff must also allege the placement or prominence of the Website Use Agreement on the website because that establishes whether reasonable notice was provided. Mot. Br. at 25. The cases to which Defendant cites the Court discuss the issue as it relates to notice in the context of compelling arbitration pursuant to an arbitration clause in the browsewrap agreement. Defendant cites to no case requiring Plaintiff allege the placement or prominence in order to sufficiently allege a browsewrap agreement is a valid contract for purposes of a motion to dismiss. While an allegation regarding the "conspicuousness of the [browsewrap] agreement" may go to show actual or constructive knowledge, it is simply one way of alleging the required knowledge element. *See DHI Grp.*, 2017 WL 4837730, at *3.

Because the Complaint lacks factual allegations regarding actual or constructive knowledge Defendant had of the Website Use Agreement, Plaintiff did not sufficiently plead that its Website Use Agreement is a valid contract. Accordingly, Plaintiff did not

sufficiently state a plausible claim for relief and the Court **grants** the Motion to Dismiss.

   C.  Leave to Amend Complaint

  Plaintiff seeks alternative leave of the Court to amend its Complaint should the Court conclude Plaintiff failed to sufficiently plead its claims. Resp. at 19. When a party cannot amend a pleading as a matter of course, the party may amend a pleading only "with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Rule 15(a) favors granting leave to amend and the decision whether to grant or deny leave to amend a pleading is a matter within the district court's discretion. *See Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590–91 (5th Cir. 2016).

  Plaintiff has not yet amended its complaint. This case is still in the early stages and discovery was stayed on the parties' agreed motion. The Court concludes, in its discretion, that Plaintiff should be granted leave to amend its Complaint. <u>To the extent Plaintiff can amend its Complaint to sufficiently plead a claim for unfair competition or breach of contract in light of the Court's analysis,</u> **Plaintiff must file its amended complaint within 30 days from the date of this Memorandum Opinion and Order**. If Plaintiff does not file an amended complaint by such deadline, the Court

will dismiss the claims for unfair competition and breach of contract <u>without further notice</u>.

## IV. Conclusion

The Court **DENIES** the Defendant Upstate Breaker Wholesale Supply, Inc.'s Motion to Dismiss Plaintiff Widespread Electrical Sales, LLC's claims for copyright infringement, violation of the Computer Fraud and Abuse Act, violation of the Digital Millennium Copyright Act, and harmful access by computer. The Court **GRANTS** the Motion to Dismiss Plaintiff Widespread Electrical Sales, LLC's claims for unfair competition and breach of contract and they are **dismissed without prejudice**. The Court also **GRANTS** Plaintiff Widespread Electrical Sales, LLC leave to amend its Complaint as to the claims for unfair competition and breach of contract.

**SO ORDERED.**

Signed June 28th, 2021.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE